IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JAMES C. JUSTICE COMPANIES, INC.,

    Plaintiff,

v.

DEERE & COMPANY,

and

JOHN DEERE COMPANY,

    Defendants.



5:06-0287
#18310

## COMPLAINT

Plaintiff James C. Justice Companies, Inc., by counsel, states the following for its Complaint against defendants Deere & Company and John Deere Company (collectively "John Deere").

1. James C. Justice Companies, Inc. is a Delaware corporation with its principal place of business in Raleigh County, West Virginia.

2. John Deere Company and Deere & Company are both Delaware corporations with their principal places of business in Illinois.

## COUNT I

3. The plaintiff files this suit under 15 U.S.C. § 15 to recover damages, expenses and fees arising out of violations by John Deere of the antitrust and restraint of trade laws of the United States. This Court has subject matter jurisdiction over Count I pursuant to 15 U.S.C. § 15.

4. John Deere is engaged in interstate commerce and is engaged in activities substantially affecting interstate commerce. The defendants transact business and are found in the Southern District of West Virginia, and venue is proper in the Southern District of West Virginia under 15 U.S.C. § 22.

5. R.P. Johnson Sons, Inc. operates a farm equipment dealership in Wytheville, Virginia which sells John Deere products pursuant to a dealer agreement between R.P, Johnson Sons, Inc. and John Deere.

6. James C. Justice Companies, Inc. owns and operates Blueridge Farm Center, Inc. which itself operates a farm equipment dealership in Virginia which sells John Deere Products pursuant to a dealer agreement between Blueridge Farm Center, Inc. and John Deere.

7. James C. Justice Companies, Inc. and R.P. Johnson Sons, Inc. entered into an agreement whereby James C. Justice Companies, Inc. agreed to purchase the farm equipment dealership of R.P. Johnson Sons, Inc.

8. The dealer agreement between R.P. Johnson Sons, Inc. and John Deere permits John Deere to approve the sale of the dealership of R.P. Johnson Sons, Inc. and allows the purchaser of the dealership of R.P. Johnson Sons, Inc. to become a party to the dealer agreement with John Deere.

9. The value of the farm equipment dealership of R.P. Johnson Sons, Inc. is substantially lessened if John Deere will not consent to a sale and will not agree to continue a dealership relationship with James C. Justice Companies, Inc. or any entity which purchases the dealership of R.P. Johnson Sons, Inc.

10. John Deere has instituted a nationwide policy with its dealers to consolidate as many dealerships in as few dealers as possible. This policy requires dealers to either acquire additional dealerships or sell their existing dealerships to larger dealers. John Deere has a policy of not approving the sale of a John Deere dealership if the proposed sale does not advance the goal of consolidating dealerships into fewer dealers.

11. Blueridge Farm Center, Inc. only operates one John Deere dealership.

12. John Deere has refused to approve the sale of the dealership of R.P. Johnson Sons, Inc. to James C. Justice Companies, Inc. and has asserted multiple, illegitimate business reasons for refusing to approve the sale. However, John Deere told Blueridge Farm Center, Inc. that it would consider the sale of the dealership of R.P. Johnson Sons, Inc. if Blueridge Farm Center, Inc. also acquired a contiguous John Deere dealership in Christianburg, Virginia, which is for sale.

13. James C. Justice Companies, Inc. has no interest in acquiring the John Deere dealership in Christianburg.

14. R.P. Johnson Sons, Inc. considers the offer of James C. Justice Companies, Inc. to be a suitable and commercially reasonable offer.

15. R.P. Johnson Sons, Inc. also received an offer of sale from James River Equipment Company, another John Deere dealer. The offer of James River Equipment Company is substantially less than the offer of James C. Justice Companies, Inc. and is in fact less than the liquidation value of the assets of the dealership.

16. John Deere is willing to approve a sale of the dealership of R.P. Johnson Sons, Inc. to James River Equipment Company as this sale would further the dealership consolidation policy of John Deere since James River Equipment Company already owns multiple dealerships.

17. The actions of John Deere represent an unreasonable restraint of trade in violation of 15 U.S.C. § 1.

18. The unlawful actions of John Deere has caused the plaintiff to be injured in its businesses, to suffer a loss of income and revenue, to lose a business opportunity and suffer loss of business reputation.

19. As a proximate cause of the unlawful actions of John Deere, the plaintiff is entitled to an award of treble damages, litigation costs, and attorney fees.

## COUNT II

20. The plaintiff realleges the allegations in paragraphs 1 through 19 of the Complaint.

21. Plaintiff James C. Justice Companies, Inc. and R.P. Johnson Sons, Inc. have a contractual relationship and the expectancy of a business relationship with each other.

22. John Deere is intentionally withholding approval of the sale of the dealership of R.P. Johnson Sons, Inc. to James C. Justice Companies, Inc. if James C. Justice Companies, Inc. will not agree concurrently to acquire another, contiguous dealership.

23. John Deere is intentionally interfering with the business relationship between James C. Justice Companies, Inc. and R.P. Johnson Sons, Inc. in order for John Deere to advance its relationship with its other dealers.

24. The actions of John Deere constitute tortious interference with a business relationship or expectancy.

25. As a result of the tortious interference of John Deere, the plaintiffs have been injured in their business, have lost and will lose income and revenue, have lost a business opportunity and suffered loss of business reputation.

26. As a proximate cause of the tortious interference of John Deere, the plaintiffs are entitled to an award of damages to compensate them for their losses.

27. This Court has supplemental jurisdiction over Count II action pursuant to 28 U.S.C. § 1367.

**WHEREFORE**, the plaintiff respectfully requests that it be awarded a judgment in the amount of ten million dollars against the defendants along with attorney's fees and costs incurred in the prosecution of this action, plus all pre- and post-judgment interest as allowable by law.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

_____
Of Counsel for Plaintiff

**PAUL T. TUCKER, ESQ.**
W.Va. State Bar No. 3811
**DAVID L. DELK, JR., ESQ.**
W.Va. State Bar No. 6883
BACHMANN, HESS, BACHMANN
 & GARDEN, P.L.L.C.
1226 Chapline Street
P.O. Box 351
Wheeling, WV 26003
(304) 233-3511